**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| STEVEN HUNTER,<br>　　Plaintiff, | §<br>§<br>§ |
| vs. | §　　CASE NO. 4:13-cv-377 |
| | § |
| ROLLING FRITO-LAY SALES, LP<br>And FRITO-LAY, INC.,<br>　　Defendants. | §<br>§<br>§<br>§ |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Steven Hunter, Plaintiff, and files this original complaint against Rolling Frito-Lay Sales, LP (hereinafter "Rolling Frito-Lay") and Frito-Lay, Inc. (hereinafter "Frito-Lay") (hereinafter collectively "Defendants"), and would respectfully show the Court as follows:

### I.  PARTIES

1. Plaintiff is an individual currently residing in Michigan.

2. Defendant Rolling Frito-Lay Sales, LP is a limited partnership doing business in Texas and may be served by serving its registered agent, CT Corporation System, 350 N. Saint Paul Street, Suite 2900, Dallas, Texas 74201-4234.

3. Defendant Frito-Lay, Inc. is a for-profit corporation doing business in Texas and may be served by serving its registered agent, CT Corporation System, 350 N. Saint Paul Street, Suite 2900, Dallas, Texas 74201-4234.

### II. JURISDICTION

4. Jurisdiction is founded on federal question, specifically, 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended.

5.      All prerequisites to filing suit have been met.

### III. FACTS

6.      Plaintiff was employed by Rolling Frito-Lay Sales LP, a subsidiary of Pepsico, and Frito-Lay, Inc. for approximately seventeen (17) years. Plaintiff first worked for Defendants from 1989-1991. He resumed working for Defendants on or about January 12, 1998. At the time of his discharge, Plaintiff was employed as a Route Sales Representative (RSR) and worked out of the Defendants' Sherman, Texas warehouse. Plaintiff was a loyal and dedicated employee of Defendant and maintained an above average performance record.

7.      On or about June 8, 2012, Plaintiff was suspended by his supervisor, Jon Pizinger, the DSL (District Sales Leader). He was told he was being suspended for having his son with him on his sales route. Plaintiff had been called in to work on his day off which was also his day with his son.

8.      On June 15, 2012, Mr. Pizinger called Plaintiff to meet with him at a Starbuck's café in Sherman. When Plaintiff arrived, Mr. Pizinger and Tedd Brom, his supervisor, informed Plaintiff he had two choices: he could sign a letter requesting retirement or he would be terminated. When Plaintiff asked to speak to Human Resources first, Mr. Brom told him he had to choose right then.

9.      Plaintiff was 58 years of age at the time of his discharge.

10.     Bryan Trapp (approximately 45 years of age) started his own business using Defendants' employees at the Defendants' warehouse on Defendants' time. This is a direct violation of company policy. He is still employed by Defendants.

11.     Jack Gordon (approximately 30-35 years of age) was reported for breaking company policy for having no cones or knee pads. He was not disciplined.

12. Upon information and belief, Plaintiff's sales route was assigned to Kevin Honeycutt (approximately 45 years of age) whose wife is the store manager who reported to Defendants that Plaintiff's son was with him on his route.

13. Plaintiff was paid on a commission basis. He earned 9% of sales. In 2011, he earned $57,041.04.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

### Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended

14. A. Plaintiff alleges he was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended, protecting Plaintiff (58 years of age) from discrimination on the basis of age.

15. B. Plaintiff claims all relief, legal and equitable that effectuate his rights under 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967), as amended.

16. C. Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967), as amended.

17. D. On or about August 31, 2012, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On May 16, 2013, he received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated May 14, 2013.

### V. DAMAGES

18. Plaintiff would show that he has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendants' wrongful conduct. Plaintiff claims all relief at law and in

equity pursuant to 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended.

## VI. ATTORNEY'S FEES

19. Plaintiff would show that, as a result of Defendants' wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

20. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendants for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com

 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)
**ATTORNEY FOR PLAINTIFF**